UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

---

In re:

ANDREW JAMES HUFFMAN,

    Debtor.
_____/

Case No. 22-00487-swd
Hon. Scott W. Dales
Chapter 7

MARCIA R. MEOLI, chapter 7 trustee,

    Plaintiff,

v.

CASSANDRA VILLARREAL,

    Defendant.
_____/

Adversary Pro. No. 22-80039

REPORT AND RECOMMENDATION
(Proposed Findings of Fact and Conclusions of Law)

PRESENT:   HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

## BACKGROUND

This Report and Recommendation is based upon the Plaintiff's Application for Default Judgment (the "Motion," ECF No. 7) against the Defendant Cassandra Villarreal (the "Defendant"). In making this Report and Recommendation, the court has reviewed the Complaint filed by the Plaintiff, Marcia R. Meoli (the "Plaintiff"), against Defendant, and has carefully considered the limits on the Bankruptcy Court's jurisdiction and authority, as required under 28 U.S.C. § 157(b)(3). The court makes this Report and Recommendation on its own initiative because a bankruptcy court's authority to enter a

final judgment, by default, in a controversy involving a so-called "*Stern* claim"[1] remains doubtful, especially given the absence of voluntary and knowing consent of all parties. This adversary proceeding involves at least one *Stern* claim. *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 31, 134 S. Ct. 2165, 2170 (2014) (discussing *Stern* claim);[2] *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011); 28 U.S.C. § 157(c)(2). The Supreme Court later ruled that, with the voluntary and knowing consent of the parties, the United States Bankruptcy Court may enter final judgment even with respect to a *Stern* claim. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932 (2015).

In the present case, however, the Defendant has not appeared or otherwise participated in the adversary proceeding, and therefore the court is unable to determine whether *both* parties have voluntarily and knowingly consented to entry of a final judgment resolving the Plaintiff's claims by an Article I judge. As a result, the Bankruptcy Court's authority under 28 U.S.C. § 157(c) to enter final judgment in response to the Motion is in doubt. Due to this uncertainty, the court recommends that the District Court grant the Plaintiff's Motion and enter the default judgment under Fed. R. Civ. P. 55 (applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7055).[3] This Report and Recommendation constitutes this Bankruptcy Court's proposed findings of fact and conclusions of law as contemplated in Rule 9033.

---

[1] The Supreme Court in *Stern v. Marshall*, 564 U.S. 462 131 S. Ct. 2594 (2011), held that the adjudication of certain claims falls within "the judicial power" that may be exercised only by a court with the "essential attributes" of federal judicial power prescribed in Article III of the United States Constitution, even if Congress classified the adjudication as a "core proceeding" that a Bankruptcy Court could resolve under the applicable statute. Such a claim has sometimes been referred to as a "*Stern* claim."

[2] In *Arkison*, the Supreme Court assumed, without deciding, that a claim to avoid and recover a fraudulent transfer is a "*Stern* claim" falling outside the core authority of a bankruptcy court.

[3] This Report and Recommendation will refer to any Federal Rule of Bankruptcy Procedure or Federal Rule of Civil Procedure simply as "Rule ___," relying on the numbering convention for each set of rules to signal the intended reference. In addition, unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

## **REPORT**

On June 3, 2022, the Plaintiff filed a four-count Complaint styled as one to avoid a preferential transfer and fraudulent transfer of property, and to disallow a claim.

1. Count I (Preference)

Count I tracks the requirements of a *prima facie* case under 11 U.S.C. § 547(b), which authorizes a trustee to avoid a transfer of property made by a debtor:

> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>>
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

In this first count, Plaintiff alleges that within 90 days before filing his bankruptcy petition the Debtor, Andrew James Huffman, paid $2,000 (the "Preference") to the

Defendant on account of an antecedent. *See* Complaint ¶¶ 7-8 (annexed hereto as Exhibit A). The Plaintiff alleges that the Debtor was insolvent at the time he paid the Preference, and that the Preference enabled Defendant to receive more than she would have from the distribution in the bankruptcy. *Id.* at ¶¶ 9-10. The Debtor's schedules support the Plaintiff's allegations that the Preference resulted in an improvement of the Defendant's position in a chapter 7 liquidation. As for the insolvency requirement under § 547(b), the timing of the Preference gives the Plaintiff the benefit of a presumption of insolvency under § 547(f). Finally, the Plaintiff also alleged her pre-suit due diligence as the statute was recently amended to require. *See generally* 11 U.S.C. § 547.

The circumstances giving rise to the antecedent debt involve an alleged agreement between the Defendant and the Debtor through which the Debtor claimed the Defendant's children as dependents on his tax return and agreed to remit funds to her in exchange for doing so. *Id.* at ¶ 5(A). The unseemliness of the arrangement might cast doubt on the legality of the contract (and therefore the *bona fides* of the antecedent debt) but the court recommends that the District Court approach the possible issue simply as suggesting an affirmative defense under Fed. R. Civ. P. 8(c)(1) that the Defendant has waived by failing to file an answer. Treating the potential issue in this way makes it unnecessary to further inquire as to the legality of the agreement and avoids rewarding the Defendant for trading in the tax benefits associated with her dependents.

Count I, seeks avoidance of the Preference, relief that is declaratory in nature.

2. Count II (Fraudulent Transfer)

Plaintiff's second count asserts a fraudulent transfer theory, without citing to a particular statute. Nevertheless, the court addressed this count under 11 U.S.C. § 548(a) given the timing of the transfer. Section 548(a) provides in relevant part as follows:

> The trustee may avoid any transfer … of an interest of the debtor in property … that was made … on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily … received less than a reasonably equivalent value in exchange for such transfer … and was insolvent on the date that such transfer was made … or became insolvent as a result of such transfer or obligation.

11 U.S.C. § 548(a)(1)(B)(ii) (inapplicable terms and internal formatting omitted). Bankruptcy practitioners generally refer to this section as taking aim at "constructively fraudulent" transfers, as opposed to transfers made with "actual intent" to defraud, addressed in § 548(a)(1)(A).

More specifically, Plaintiff alleges the Defendant received from the Debtor a constructively fraudulent transfer in the form of a $2,500 "gift" the Debtor transferred to her within a one-year period before the petition date (the "Gift"). *Id.* at ¶ 5(B). As with her preference claim, Plaintiff asserts that the Debtor made the Gift while insolvent, or alternatively, that the Gift rendered him insolvent. *Id.* at ¶ 14. Plaintiff supports this assertion, again, with Debtor's filed schedules, which indicate that he had debts at the time of the Gift and that his assets were worth substantially less than liabilities as of the petition date. *Id.* at ¶ 14(A), (C). As the Gift took place within a year before the Debtor filed his bankruptcy petition, the valuations within the schedules are relatively close in time to the transfer.

Count II seeks avoidance of the Gift, relief which is declaratory in nature.

3. Count III (Recovery of Avoided Transfers)

In her third count, the Plaintiff seeks a money judgment representing the value of the Preference and the Gift under 11 U.S.C. § 550.

The Bankruptcy Code separates the remedies of avoidance and recovery. *Suhar v. Burns (In re Burns)*, 322 F.3d 421, 427 (6th Cir. 2002) ("avoidance and recovery are distinct concepts and processes"). The "recovery" under § 550 is predicated on "avoidance" under another statute, here §§ 547 and 548.

Because the court is recommending avoidance of the transfers, and because the transfers involved the payment of money (as opposed to, say, transfer of a lien or other non-possessory property interest) recovery under § 550(a) is necessary to make the estate whole. *In re Burns*, 322 F.3d at 428. Count III is well taken.

4. Count IV (Disallowance of Claim)

In her fourth count, the Plaintiff seeks disallowance of the Defendant's claim under 11 U.S.C. § 502(d). This section, in general, prevents the beneficiaries of preferential or fraudulent transfers from sharing in the distribution of bankruptcy estate assets until they have satisfied their avoidance-related obligations to the estate.

The Complaint, however, does not allege that the Defendant ever filed a proof of claim, and the court takes judicial notice under Fed. R. Evid. 201 that she has not. Under the circumstances, Count IV is not ripe.

It is conceivable that the estate may at some point have sufficient assets to pay claims and that the Defendant may satisfy her debt to the estate by that time, so that she

may participate in a distribution. The trustee may evaluate any future claim of the Defendant at the time of distribution under § 502(d) but for now Count IV is premature and should be dismissed so as not to delay entry of judgment under Rule 54. If the Defendant at some point files a claim, the Plaintiff may address it through the claims allowance process.

5. Defendant's Default, this Motion, and *Stern* Issues

The Defendant did not answer or otherwise move against the Complaint. After the Defendant failed to respond to the Complaint following proper service (discussed below), the Clerk of the United States Bankruptcy Court entered and attempted to give notice of default to the Defendant. *See* Entry and Notice of Default (annexed hereto as Exhibit B). The Entry and Notice of Default was returned as undeliverable to the Clerk's office on August 11, 2022. In response, Plaintiff filed a Supplemental Declaration for Default Judgment indicating that she contacted Debtor's attorney and obtained a new address for the Defendant. *See* Supplemental Declaration for Default Judgment (annexed hereto as Exhibit C). Plaintiff then re-served the Entry and Notice of Default.

Subsequently, the Plaintiff filed and served her Motion on August 11, 2022 (annexed hereto as Exhibit D), which the court reviewed along with the Complaint and docket in this matter, in advance of a hearing held on October 25, 2022, in Grand Rapids, Michigan.

In an analogous situation involving motions for default judgment on clearly non-core claims, District Judge Paul L. Maloney and District Judge Janet T. Neff have concurred in this admittedly cautious approach and adopted this court's recommendation

to enter judgments by default in the District Court. *See Chernich v. Cayo (In re Kotyuk)*, No. 09–06741, 2011 WL 1596228 (W.D. Mich. Mar. 29, 2011); *Hagan v. Sirbaugh (In re Goodrich)*, 1:08-cv-1235, 2009 WL 331534 (W.D. Mich. Feb. 29, 2009); *Hagan v. Okony*, 1:08-cv-732, 2008 WL 4722747 (W.D. Mich. Oct. 22, 2008). The court follows this same procedure today, given the absence of the Defendant's consent to entry of a final judgment by an Article I judge. Despite the short delay that may result from employing the procedures under Rule 9033, the entry of a final judgment by the District Court, rather than the Bankruptcy Court, will reduce the risk of collateral attack based on *Stern*, thereby promoting the "just, speedy, and inexpensive determination" of this proceeding. *See* Fed. R. Bankr. P. 1001.

As to Counts I, III, and IV, the court finds that the Complaint in the present adversary proceeding is well-pleaded and satisfies Rule 8(a), made applicable to this adversary proceeding by Rule 7008. The Defendant's failure to deny the well-pleaded factual allegations in these counts (other than as to damages) constitutes an admission under Rule 8(b)(6). The allegations, which have been admitted, establish that the Plaintiff, as representative of the Debtor's bankruptcy estate under § 323, has two valid claims against the Defendant, together totaling $4,500. The well-pleaded allegations in the complaint, admitted by the Defendant's failure to answer, establish a right to relief under applicable law.

As noted above, the court regards Count III as not ripe, and is not recommending judgment on that count.

The court has no reason to believe that the Defendant is either a minor or an incompetent, as contemplated under Rule 55, nor does it appear that she is in the military

service, based on the Plaintiff's observations and discussion with the Debtor's counsel.  *See* Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. §§ 3901-4043.  The court has also reviewed the certificate of service and has no reason to doubt that the Plaintiff effected proper service of the Summons and Complaint upon the Defendant, by first class mail at her then-current address.  *See* Fed. R. Bankr. P. 7004(b)(1) (service on individual in adversary proceeding).  In response to the court's inquiries at the hearing on the Motion, the Plaintiff replied that she obtained the original service address from the Debtor (who is acquainted with the Defendant) and although the post office did not return the summons and complaint as undeliverable, Plaintiff later saw a docket notation that that the notice of entry of default had been returned as undeliverable.  She learned that the Defendant relocated *after* service of the Summons and Complaint.  Plaintiff obtained an updated address for the Defendant from the Debtor's counsel where she served the default related documents.  *See* Supplemental Declaration for Default Judgment (ECF No. 8) at ¶¶ 4-5; ECF Nos. 9, 10, and 12.  Service appears to be proper.

## RECOMMENDATION

The court recommends that the United States District Court grant the Motion as to Counts I, II, and IV; deny the Motion as to Count III; and enter judgment in favor of the Plaintiff in the amount of $4,500, plus costs in the amount of $350, representing the filing fee in this matter, only on Counts I, II, and IV.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk of the United States Bankruptcy Court for the Western District of Michigan shall enter this Report and Recommendation in the docket of the above-captioned adversary proceeding and, after the 14-day objection period has run, shall transmit a copy of the Report and Recommendation (and any objections) to the United States District Court for the Western District of Michigan pursuant to Rule 9033 and W.D. Mich. LGenR 3.1(b).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Report and Recommendation pursuant to Rule 9022 and LBR 5005-4 upon Marcia R. Meoli, Esq., and by first class mail upon the Defendant at the following address:

> Cassandra Villarreal
> 3637 Colby Ave SW
> Wyoming, MI 49509

IT IS FURTHER ORDERED that the Clerk shall update the docket or other record of this proceeding to list the Defendant's address as set forth in the immediately preceding paragraph, based on the Plaintiff's supplemental declaration.

END OF ORDER

**IT IS SO ORDERED.**

Dated October 31, 2022

Scott W. Dales
United States Bankruptcy Judge